HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLEG CHURYUMOV,

    Plaintiff,

v.

U.S. CITZENSHIP AND IMMIGRATION SERVICES,

    Defendants.

Case No. 2:18-cv-00841-RAJ

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND LEAVE TO AMEND**

## I. INTRODUCTION

Before the Court are the motions for summary judgment filed by Plaintiff Oleg Churyumov and Defendant U.S. Citizenship and Immigration Services ("USCIS") and a motion to amend filed by Churyumov. Dkt. ## 20, 22, 25. For the reasons below, the Court **GRANTS** USCIS's motion and **DENIES** Churyumov's motions.

## II. BACKGROUND

Plaintiff Oleg Churyumov challenges the decision by USCIS denying his petition for an employment-based immigrant visa for aliens of extraordinary ability. Churyumov is a citizen and native of Russia who arrived in the United States on February 16, 2016. CAR 627-32. He completed an immigrant visa petition, Form I-140, as an alien of extraordinary ability, on or about February 22, 2016. CAR 633. Churyumov contends that he has an extraordinary ability in the field of business, specifically in the hospitality

ORDER – 1

industry. CAR 627-32, 648-49. Churyumov claims that he is the first in Russia to apply "capsule technology" in a hostel setting. CAR 648. A "sleep capsule" is a pod where a guest can sleep, rest, or watch television and gained popularity in Japan and China during the twentieth century. *Id*. On March 7, 2016, USCIS issued a Request for Evidence. CAR 8-15. Churyumov submitted his response on or about May 16, 2016. CAR 16-626. USCIS denied his petition in a decision dated June 6, 2016. CAR 1-7.

USCIS found that Churyumov failed to satisfy his burden of proof pursuant to 8 U.S.C. § 1361. Notably, USCIS determined that Churyumov had not established "sustained national or international acclaim," or achievements indicating that he "is one of that small percentage who has risen to the very top of the field of endeavor." CAR 1, 5-6. USCIS also found that also failed to satisfy the statutory requirement under 8 U.S.C. § 1153(b)(1)(A)(ii) that he is coming to the United States to work in his field of extraordinary ability. CAR 1, 6-7.

On June 9, 2018, Churyumov filed a complaint requesting that this Court "revoke the USCIS decision and approve Plaintiff's I-140 form." Dkt # 1 at 5. He filed his motion for summary judgment on April 19, 2019. Dkt. # 20. USCIS filed a response and cross-motion for summary judgment on May 5, 2019. Dkt. # 21.

### III. LEGAL STANDARD

The review of a final agency action is governed by the APA under an "arbitrary and capricious" standard. 5 U.S.C. § 706(2)(A); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1401 (9th Cir. 1995). In other words, an agency's decision should be overturned if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id*. In evaluating an agency's decision under this standard, "[courts] ask whether the agency 'considered the relevant factors and articulated a rational connection between the facts found and the choice made.' " *Natural Res. Def. Council v. U.S. Dep't of the Interior*, 113 F.3d 1121, 1124 (9th Cir. 1997) (quoting *Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of the Navy*, 898 F.2d 1410, 1414 (9th Cir. 1990)). The standard is

ORDER – 2

"highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." *Indep. Acceptance Co. v. California*, 204 F.3d 1247, 1251 (9th Cir. 2000).

Under the APA, the district court's review is usually limited to the administrative record. 5 U.S.C. § 706; *see also Cnty. of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999) (when reviewing final agency action, the district court is not managing a "garden variety civil suit," but rather "sits as an appellate tribunal"). Therefore, the usual "genuine dispute of material fact" standard for summary judgment does not apply in an APA case. Rather, summary judgment functions as a mechanism for determining as a matter of law whether the administrative record supports the agency's decision and whether the agency complied with the APA. *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985).

## IV. DISCUSSION
### A. Motions for Summary Judgment

Pursuant to 8 U.S.C. § 1153(b)(1)(A), aliens may apply for a visa on the basis of "extraordinary ability." The INA does not define "extraordinary ability." Abilities in the "sciences, arts, education, business, or athletics" qualify. 8 U.S.C. § 1153(b)(1)(A)(i). "Sustained national or international acclaim" is a hallmark of extraordinary ability, as are achievements that "have been recognized in the field through extensive documentation." *Id*. Federal regulations explain that "extraordinary ability" is "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2).

An alien can prove an extraordinary ability in one of two ways. The first is "evidence of a one-time achievement (that is, a major, international recognized award)." 8 C.F.R. § 204.5(h)(3). The second way to prove extraordinary ability is to provide evidence of at least three of the following:

(i) Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;

ORDER – 3

(ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;

(iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;

(iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;

(v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;

(vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;

(vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;

(viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;

(ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or

(x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

*Id.*

If an alien satisfies this initial evidentiary burden, USCIS must then consider whether the evidence demonstrates "extraordinary ability." *Kazarian v. USCIS*, 596 F.3d 1115, 1119-20 (9th Cir. 2010). Only where the evidence demonstrates "sustained national or international acclaim" is the alien eligible for the "extraordinary ability" designation.

ORDER – 4

*Id.* at 1120 (quoting 8 U.S.C. § 1153(b)(1)(A)(i)). By design, the "extraordinary ability" designation is "extremely restrictive." *Id*. (quoting *Lee v. Ziglar*, 237 F.Supp.2d 914, 918 (N.D. Ill. 2002)).

USCIS concluded that Churyumov met the evidentiary threshold by providing evidence (i) that he received a lesser nationally or internationally recognized prize or award for excellence in his field of endeavor; (ii) that he was the subject of published material in a professional or major trade publication; (iii) that he has performed in a leading or critical role for organizations that have a distinguished reputation; and (iv) that he has commanded a high salary in relation to others in his field. CAR 3. Although Churyumov disputes USCIS's finding and contends that he has met at least seven of criteria listed at 8 C.F.R. § 204.5(h)(3), the Court assumes for this order that Churyumov met the threshold evidentiary burden.

Once the evidentiary threshold is met, USCIS must determine whether the evidence demonstrates "sustained national or international acclaim." 8 C.F.R. § 204.5(h)(3); *see also Kazarian*, 596 F.3d at 1121 (noting that evidence submitted to meet threshold criteria must support a "final merits determination" that the "petitioner is at the very top of his or her field of endeavor"). In its decision, USCIS articulated rational reasons for why Churyumov's submitted evidence did not demonstrate "extraordinary ability." Specifically, USCIS found that "the success of one hostel does not equate to national or international acclaim." CAR 6. USCIS also noted that the award for excellence from Booking.com that Churyumov received in 2014 is based upon client satisfaction reviews and annually awarded to "thousands of places that offer lodging." *Id*. As another reason, USCIS explained that Churyumov's idea for a capsule hostel, while slightly different than the original idea of a "capsule" hotel, did not elevate his contribution to one of "major significance" in the field. CAR 5. Ultimately, after reviewing all the evidence in relation to the criteria identified in 8 C.F.R. § 204.5(h)(3), USCIS concluded that it failed to show Churyumov had risen to the very top of his field or that he has enjoyed sustained acclaim.

ORDER – 5

*Id.*

USCIS also found that Churyumov failed to establish that he was coming to the United States to continue work in the area of expertise. CAR 6. A petition for a visa based on "extraordinary ability" must be accompanied by clear evidence that the alien is coming to the United States to continue work in the area of expertise, which may be demonstrated by letters from prospective employers, evidence of prearranged commitments such as contracts, or a statement from the beneficiary detailing plans on how he or she intends to continue his or her work in the United States. 8 C.F.R. § 204.5(h)(5). USCIS explained that Churyumov failed to meet this standard in his petition, which included a letter of reference and his personal statement. CAR 6, 324-25, 377, 678-79. In finding no clear evidence, USCIS noted Churyumov's petition failed to show any evidence of financial sourcing or completed business plans for capsule hostel projects in the United States. CAR 6.

In sum, the decision was not arbitrary or capricious. USCIS examined the evidence in the record in its entirety and applied the correct legal analysis to that record. It finished that review with the conclusion that the evidence, taken together, did not satisfy the required standards and articulated satisfactory reasoning in its assessment. CAR 5-7. While Churyumov clearly takes a different view of the evidence, it is not enough that another adjudicator might have come to a different conclusion. *Rijal v. USCIS*, 772 F.Supp.2d 1339, 1346 (W.D. Wash. 2011). Rather, "[u]nless the court can conclude that no rational adjudicator would have come to that conclusion, …USCIS did not act arbitrarily and capriciously." *Id*. Upon review of the record, the Court cannot say that is the case.

Even if USCIS introduced new evidentiary requirements into 8 C.F.R. § 204.5(h)(5), as Churyumov argues, that error "clearly had no bearing" on either "the procedure used or the substance of decision reached." *Kazarian*, 596 F.3d at 1122 (citing *Gifford Pinchot Task Force v. U.S. Fish and Wildlife Serv.*, 378 F.3d 1059, 1071 (9th Cir. 2004); (quotations omitted)). As noted above, USCIS had already found that he had failed

ORDER – 6

to demonstrate Churyumov had risen to the very top of his field or that he has enjoyed sustained acclaim as required for the visa before evaluating whether he had shown that he was coming to the United States to work in the hospitality industry.

For the reasons stated above, the Court **GRANTS** USCIS's motion for summary judgment and **DENIES** Churyumov's motion for summary judgment.

### B. Motion for Leave to Amend

Churyumov moves for leave to amend and supplement his complaint. Dkt. # 25. The proposed amendment restates Churyumov's argument that if an applicant meets the initial requisite evidentiary burden, then he is automatically entitled to the extraordinary ability visa; a final merits determination is unlawful and violates the due process clause of the Fourteenth Amendment. Dkt. # 25.

Churyumov's argument, however, is unsupported by binding Ninth Circuit precedent, which recognizes and has adopted USCIS policy and regulations. *See Kazarian*, 596 F.3d at 1119-20 ("If a petitioner has submitted the requisite evidence, USCIS determines whether the evidence demonstrates both a 'level of expertise ….'"); *see also Rijal v. USCIS*, 772F.Supp.2d 1339, 1344 (W.D. Wash. 2011) ("If an alien satisfies this initial evidentiary burden, the USCIS must then consider whether the evidence demonstrates extraordinary ability."), *aff'd*, 683 F.3d 1030 (9th Cir. 2012).

Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile. *See Cervantes v. Countywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The futility of Churyumov's amendment warrants denial. Additionally, another factor supporting denial is undue delay. *See, e.g.*, *Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988) (affirming district court's denial of motion to amend in part on ground of undue

ORDER – 7

delay). Churyumov files this motion to amend a year into the litigation and after the parties have filed motions for summary judgment. He offers no explanation for this delay nor is one apparent. The amendment is not based on new evidence and restates an argument that Churyumov presented in his current motion for summary judgment. The Court finds that the circumstances of this delay weigh against granting leave to amend. After considering the other relevant factors, the Court **DENIES** the motion.

## V. CONCLUSION

For the reasons stated above, the Court the reasons below, the Court **GRANTS** USCIS's motion for summary judgment and **DENIES** Churyumov's motion for summary judgment. Dkt. ## 20, 22. The Court also **DENIES** Churyumov's motion for leave to amend. Dkt. # 25.

DATED this 7th day of November, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 8